Christopher M. Mack, Esq. Informal Opinion Chief Deputy County Attorney No. 97-54 County of Onondaga John H. Mulroy Civic Center 421 Montgomery Street, 10th Floor Syracuse, N Y 13202
Dear Mr. Mack:
You have informed us that various departments of county government print informational or promotional literature for public distribution by the county. You inquire whether it is permissible for a county legislator to print an additional message on this literature advertising his or her own private business and then redistribute the altered literature to the public.
In a telephone conversation, you gave examples of county publications and described the alterations that would be made by the legislator. County publications such as emergency 911 pamphlets, describing how to use the emergency telephone system, and publications explaining eligibility requirements for food stamps would be altered with language giving the impression that the information is being produced and provided by the legislator's private business rather than by the county.
In our view, the county legislature reasonably may decide that any alteration of publications produced by the county for public purposes is contrary to the public interest and should be prohibited. Under the examples given, while the message has not been changed, the public may be less likely to read and find credible a publication apparently produced by a private business rather than the county. Certainly the county has an interest in prohibiting an alteration of the message which could cause dissemination of inaccurate or misleading information. Therefore, in our view the county has a substantial governmental interest to protect the public from any alteration of publications produced and distributed to the public by the county.
The county can prevent the unauthorized alteration, reproduction and distribution of its pamphlets by third parties and assert other protections by registering a copyright of the work under provisions of federal law. 17 U.S.C. § 101, et seq. A pamphlet, such as those described above, falls within the scope of subject matter that can be copyrighted. 17 U.S.C. § 101, 102(a)(1); see, Town of Clarkstown v. Reeder, 566 F. Supp. 137 (S.D.N.Y. 1983). The owner of a copyright obtains certain exclusive rights, including the right to reproduce the copyrighted work, prepare derivative works from the copyrighted work and distribute copies of the copyrighted work to the public.17 U.S.C. § 106. The owner also has exclusive rights to authorize any of the above uses of the copyrighted work. Id.
Registration of the work is a prerequisite to the commencement of an action to prevent infringement of a copyright. 17 U.S.C. § 412. Anyone who violates any of the exclusive rights of the copyright owner is an A infringer of the copyright. 17 U.S.C. § 501. An appropriate court may grant an injunction to prevent infringement of a copyright or award damages to a copyright owner for infringement of the copyright.17 U.S.C. § 502, 504.
The federal copyright law is the exclusive means through which these equitable rights can be acquired by the owner of a work and federal law preempts the common law or statutes of any state which provide equivalent rights. 17 U.S.C. § 301. Therefore, the county can obtain a copyright under federal law in order to prohibit unauthorized use of its publications.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions